# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 18, 2013

## LEON BARNETT COLLIER v. ARVIL K. CHAPMAN

**Appeal from the Circuit Court for Wayne County**
**No. 15245      Jim T. Hamilton, Judge**

### No. M2013-00339-CCA-R3-HC - Filed July 17, 2013

The *pro se* petitioner, Leon Barnett Collier, appeals the Wayne County Circuit Court's dismissal of his petition for writ of habeas corpus, arguing that the court erred in summarily dismissing the petition because the State failed to comply with the statutory requirement of attaching to its response its authority for detaining him. Because the petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Leon Barnett Collier, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Deshea Dulany Faughn, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1995, the petitioner was convicted by a Hamilton County jury of the first degree murder of his former girlfriend and of the attempted first degree murder of the former girlfriend's new boyfriend, for which he received an effective sentence of life without parole plus twenty years. His convictions and sentences were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. State v. Leon Barnett Collier, No. 03C01-9602-CR-00072, 1997 WL 9722, at *1 (Tenn. Crim. App. Jan. 14, 1997), perm. app. denied (Tenn. Nov. 3, 1997).

On October 10, 2012, the petitioner filed a *pro se* petition for writ of habeas corpus alleging that his convictions and sentences were void for the following reasons: (1) the murder victim's name, although appearing in the body of the indictment, did not appear on the indictment's face; (2) his trial counsel provided ineffective assistance; and (3) the trial court failed to investigate counsel's conflict of interest or to provide a 404(b) hearing out of the presence of the jury. The State followed with a motion to dismiss on the grounds that the petition failed to state a cognizable claim for habeas corpus relief, and on December 3, 2012, the court entered an order granting the State's motion and summarily dismissing the petition. Thereafter, the petitioner filed a *pro se* appeal arguing that the habeas court erred by summarily dismissing the petition because the State failed to "attach to [its] response [its] authority to detain [the petitioner]," as required by Tennessee Code Annotated § 29-21-116(b)(1)-(3).

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when the "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

None of the petitioner's allegations, even if true, would render his convictions void or his sentences expired. The petitioner is also mistaken in his belief that the State was required to attach to its response to his petition its authority for detaining the petitioner. As the State points out, Tennessee Code Annotated section § 29-21-116(b)(1)-(3), which the petitioner cites in support of this claim, applies when a writ has been issued rather than when a petition for writ of habeas corpus has been filed. We, therefore, conclude that the habeas court's summary dismissal of the petition was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE